### SCHAPIN v. AUERBACH et al.

(Supreme Court, Appellate Term. May 27, 1909.)

SALES (§ 417*)—CONTRACT—BREACH.

   Evidence *held* to establish a sale of certain travelers' tickets to plaintiff on the credit of another, so that plaintiff was entitled to recover for breach of defendant's contract in canceling the tickets.

   [Ed. Note.—For other cases, see Sales, Dec. Dig. § 417.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Benjamin Schapin against Rubin Auerbach and others. From a Municipal Court judgment for defendants, plaintiff appeals. Reversed, and judgment ordered for plaintiff.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Alex. B. Greenberg, for appellant.

Isidore Neustaedter, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DAYTON, J. Defendants did business as bankers and as steamship and railroad ticket agents at 126 Norfolk street, Manhattan. On September 20, 1907, they wrote to plaintiff's father at Paris, France, stating as follows:

"At the request of your son we have notified the company at Havre to send you three steamship tickets—two full and two half. You will receive everything from the company immediately for the journey from Paris to New York. You will receive money for which you will buy railroad tickets from Paris to Havre. Wishing you a speedy and pleasant journey, I am,

"Respectfully yours,           Auerbach."

On October 1, 1907, defendant wrote again to plaintiff's father at Paris, as follows:

"Inclosed please find two full and two half steamship tickets from Paris, through Havre, to New York; also find check of 30 francs for railroad fare from Paris to Havre. Collect the check at 11 Rue Squribe Roffarn Place, and buy the railroad tickets for the money from Paris to Havre. Leave Paris not later than Friday morning, so that you will be in Havre at noon.

"Respectfully yours,        Auerbach & Goldberg.

"Write to your son immediately on leaving Paris. When you arrive at Havre, show your steamship tickets to the agent at the railroad depot, and he will guide you to the steamer."

These letters were sent after plaintiff had paid $60 to one Rosen on account under an agreement to pay the balance in $3 weekly installments. Rosen, it seems, was a peddler with whom defendants had had similar transactions. Plaintiff testified that at defendants' place of business, where he paid the $60 to Rosen, defendants stated that he (Rosen) was their agent, and directed payments for the tickets to be made to him, and that he (plaintiff) paid in all to Rosen $109.50 for these tickets. About April 13, 1908, and because Rosen did not pay a note which he had given to them in payment for this and other transactions, defendants stopped the ship tickets, so that plaintiff's father, mother, and sister were obliged to obtain other accommodations for their voyage. Defendants denied that they had stated that Rosen was their agent and that plaintiff could trust him. The trial court found for the defendants, and plaintiff appeals.

While, from all the facts and circumstances, the testimony of plaintiff, as corroborated by other witnesses, seems the more probable concerning defendants' representations as to Rosen, the defendants' letter of September 20th, supra, beginning, "At the request of your son we have notified the company," etc., and the fact that they took Rosen's note for these tickets, are conclusive in plaintiff's favor. There was a sale of these tickets to plaintiff, and an unconditional delivery thereof to his father; credit in payment thereof having been given by defendants to Rosen. Aside from the note, defendants' refusal to produce their books on the trial after a promise in court to do so strengthens the belief that Rosen, not plaintiff, was their debtor for these tickets. The conduct of the defendants toward plaintiff, and their defense to this action, cannot be too severely condemned.

Judgment reversed, and judgment ordered for the plaintiff in the sum of $109.50, with costs in this court and in the court below.

SEABURY, J., concurs.

LEHMAN, J. (concurring). I agree with the opinion of Mr. Justice DAYTON. Plaintiff claims that he bought the steamship tickets from defendants, and paid for them through Rosen, their agent. If his story is true, then the defendants concededly had no right to cancel the tickets. Defendants claim that plaintiff purchased the tickets from Rosen, a ticket peddler, to whom they had sold the tickets upon credit, reserving the right to cancel them if Rosen failed thereafter to pay for them. If their story is true, then they have put the indicia of title for the tickets in the hands of Rosen, knowing that he intended to sell them. They have, therefore, been parties to a fraud upon plaintiff, and they must bear the loss.

In either case plaintiff has established his cause of action.